IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO.74,829






DAVID RENTERIA, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM EL PASO COUNTY






Keller, P.J., filed a dissenting opinion.



 The Court reverses appellant's death sentence on the basis that the trial court erred in
excluding evidence of remorse. I cannot agree. First of all, appellant's out-of-court statement was
not an expression of remorse; it was an attempt to deflect blame. Appellant never expressed sorrow
for his conduct. Instead, he attempted to cast himself as an innocent victim who was coerced into
assisting the perpetrators. He did not say he was sorry even for the limited conduct that he admitted
to. Even viewing the evidence in the light most favorable to the defendant, I do not believe that a
rational trier of fact would have taken this statement to be an expression of remorse. Therefore, it
was not relevant to appellant's defense on the special issues and was, in fact, inadmissible hearsay.

 Second, as to harm, even if appellant's statement were considered to be an expression of
remorse, it would constitute one of the weakest, most pitiful expressions of remorse I have ever seen. 
Appellant's so-called expression of remorse would have raised, for the first time at punishment, the
possibility that others participated in the offense, but there was no evidence at trial that anyone else
was involved in the murder. Given that the statement contradicted the evidence at trial, the jury had
no reason to believe it. And given appellant's prior history as a child molester and the circumstances
of the offense, i.e., the brutal murder of a five-year-old-girl, I also conclude, beyond a reasonable
doubt, that the exclusion of the evidence did not contribute to the jury's answers to the punishment
issues. 

 Third, appellant's statement would, in fact, have handed the prosecutor a powerful jury
argument: that appellant had in his statement done the exact opposite of expressing remorse by
affirmatively attempting to deflect responsibility for his own conduct.

 I respectfully dissent.


Date filed:

Publish